IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

TONY MAURICE JACKSON, #54566   *

    Plaintiff,   *

      v.   *   1:06-CV-1152-MEF
                         (WO)

STATE OF ALABAMA, *et al*.,   *

    Defendants.   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Tony Jackson, is incarcerated in the Houston County Jail located in Dothan, Alabama.  He files this *pro se* 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged due to the conduct and actions of Defendants.  Plaintiff names as defendants the State of Alabama, the Honorable Denny Holloway, and District Attorney Doug Valeska.  Plaintiff seeks as relief his immediate release from custody.  Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

Following his arrest on September 23, 2006, Plaintiff filed a request for a preliminary

hearing on October 12, 2006.  The clerk of court returned the motion to Plaintiff stamped "no

ruling."  After the time allowed by state law for commencement of a preliminary hearing

lapsed, Plaintiff requested dismissal of the charges pending against him. This motion also

received a "no ruling" stamp from Judge Holloway.  Plaintiff complains that he still has not

received a preliminary hearing and at no time entered a waiver of said hearing or received

notice of a postponement.  (Doc. No. 1.)

### A.  The State of Alabama

Plaintiff names the State of Alabama as a defendant.  The Eleventh Amendment bars

suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst*

*State School & Hosp. v. Halderman,* 465 U.S. 89 (1984).

### B.  The Claims Against Judge Holloway

To the extent Plaintiff seeks declaratory or injunctive relief as a result of rulings or

decisions issued during proceedings before the Circuit Court for Houston County, Alabama,

this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C.

§ 1983.  A federal court has no jurisdiction or right to grant relief under § 1983 with respect

to challenges to state court decisions in particular cases arising out of state judicial

proceedings even if those challenges allege that the state court's action was unconstitutional.

*Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*,

794 F.2d 1529 (11th Cir. 1986); *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

462 (1983).   An action filed pursuant to 42 U.S.C. § 1983 may not be used to compel a state

court to take a particular course of action.  *Cf. Datz v. Kilgore*, *supra*.  Likewise, a 42 U.S.C.

§ 1983 action cannot operate as a substitute to appeal a state court decision.  *Id.* at 254 (a §

1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited

appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir.

1988). Consequently, any request Plaintiff makes for declaratory and/or injunctive relief with

respect to rulings and/or decisions made by the Circuit Court for Houston County is properly

dismissed under § 1915(e)(2)(B).  *See Clark v. State of Georgia Pardons and Paroles Board*,

915 F.2d 636 (11th Cir. 1990).

### C.  The Claims Against District Attorney Valeska

Plaintiff files suit against   District Attorney Doug Valeska.  The court understands

Plaintiff to challenge the actions of Defendant Valeska regarding matters related to the

criminal charges pending against him.  "A prosecutor is entitled to absolute immunity for all

actions he takes while performing his function as an advocate for the government." *Buckley*

*v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  The prosecutorial function includes the initiation

and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all

appearances before the court, including examining witnesses and presenting evidence.  *See*

*Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279

(11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

Plaintiff's challenge to the conduct and/or actions of Defendant Valeska  arise from

this defendant's role "as an 'advocate' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted).  Defendant Valeska is, therefore, "entitled to absolute immunity for that conduct." *Id*.

### D.  The Request for a Preliminary Hearing

There is no federal requirement that States afford preliminary hearings to persons accused of state criminal offenses.  Furthermore, if the omissions about which Plaintiff complains were found to violate his federal rights, it is clear that his claims concern criminal charges which are currently pending before the state courts of Houston County, Alabama, and, thus, not currently appropriate for consideration by this court.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.  In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings.  Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm.  The mere fact that Plaintiff must endure state criminal prosecution fails

to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. The court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement.

Finally, with respect to Plaintiff's challenge to the validity of his current confinement as a result of the conduct about which he complains, a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

In light of the foregoing, the court concludes that Plaintiff's complaint against the named defendants is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before January 23, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 11th day of January 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE